**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XAVIER BUCKHANAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:24-cv-0811 JLT SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 23) |

Xavier Buckhanan is proceeding *pro se* in this action, filed pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 1267. The Court dismissed the action after finding Plaintiff failed to prosecute the matter and failed to comply with the Court's order. (Doc. 21.) Plaintiff now seeks reconsideration of the dismissal pursuant to Rule 60(b), asserting "excusable neglect and extraordinary circumstances" warrant relief. (Doc. 23 at 1.) For the reasons set forth below, the motion for reconsideration is **DENIED** without prejudice.

**I.     Background**

Plaintiff filed the instant action on May 30, 2024, in the Sacramento Division of the United States District Court for the Eastern District of California. On July 12, 2024, the Court transferred the action to the Fresno Division and served Plaintiff with the Prisoner New Case Documents and Order of Intradistrict Transfer. (Docs. 6, 7.) On July 17, 2024, Plaintiff filed the

1

1  Court's consent/decline form regarding magistrate judge jurisdiction. (Doc. 8.) The Court then
2  reassigned the matter to a different magistrate judge, and again served Plaintiff by mail with the
3  order regarding reassignment. (Doc. 10.)
4        The assigned magistrate judge directed Plaintiff to pay the filing fee or submit the proper
5  application to proceed *in forma pauperis*. (Doc. 11.) Plaintiff requested an extension of time,
6  which the Court granted on September 13, 2024. (Docs. 12, 13.) The same day, the Court
7  received an incomplete motion to proceed IFP. (*See* Doc. 14.) Plaintiff stated he had $2,800.00
8  available in cash, checking account, and savings; his inmate trust account had an average monthly
9  balance of $320 within the last sixth months; and he had average monthly deposits of $560.00.
10 (*Id.* at 2.) However, the IFP form did not include the signature of an authorized officer regarding
11 the inmate trust account balance, and he did not submit a copy of the trust account statement. On
12 October 8, 2024, the Court directed Plaintiff to clarify the information in his IFP application
13 and/or submit his trust account statement. (Doc. 18.) The U.S. Postal Service returned mail from
14 the Court—for the first time—on October 28, 2024, marked "Undeliverable, RTS, Refused,
15 Unable to Forward." The USPS did not return the Court's order directing clarification.
16       On November 18, 2024, the Court found Plaintiff failed to prosecute the action
17 and failed to comply with the Court's order. (Doc. 20 at 1-2.) The Court found dismissal of this
18 action without prejudice was appropriate, after considering the factors identified by the Ninth
19 Circuit in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). (*Id*. at 2-3; Doc. 21.)
20 Therefore, the Court dismissed the action without prejudice and entered judgment on December
21 23, 2024. (Docs. 21, 22.)
22       On January 17, 2025, Plaintiff filed the pending motion for reconsideration of the order
23 dismissing the case, seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure (Doc.
24 23) and a response to the Court's order requesting clarification on his IFP application (Doc. 24).
25 **II.     Relief under Rule 60(b)**
26       Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just
27 terms, the court may relieve a party or its legal representative from a final judgment, order, or
28 proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

2

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

   Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted). The moving party "must demonstrate both injury and circumstances beyond his control ...." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks, citation omitted).

### III.  Discussion and Analysis

   Plaintiff argues that "reconsideration is warranted due to excusable neglect and extraordinary circumstances that impeded [his] compliance with the Court's orders." (Doc. 23 at 1.) Plaintiff asserts he "was not aware of the transfer of his case from the Sacramento Division to the Fresno Division, nor of the new docket number assigned to his case." (*Id.* at 3.) For example, he contends that "[h]e filed a motion seeking an extension of time to submit his fee waiver application; however, this motion was inadvertently filed under the original Sacramento docket

3

1    number rather than the Fresno docket." (*Id.*) He asserts this filing shows an "intent to comply
2    with the Court's orders rather than any willful disregard for the judicial process." (*Id.* at 4)
3    According to Plaintiff, "Unbeknownst to [him], the case transfer resulted in new deadlines and
4    procedural requirements" for the Fresno Division from the Sacramento Division. (*Id.* at 2.)
5    Plaintiff reports that he "was transferred to a new Bureau of Prisons facility in late September
6    2024 and spent considerable time in transit getting to his new facility." (*Id.*) Plaintiff contends,
7    "This transfer disrupted his receipt of mail and further delayed his awareness of the Court's
8    orders." (*Id.*) He asserts he "only recently learned of the dismissal order." (*Id.*) Plaintiff argues
9    relief is also appropriate under Rule 60(b)(6): "The convergence of factors in this case-misfiled
10   motions, lack of notice of the case transfer, and disruptions caused by a prison transfer-constitute
11   precisely the type of extraordinary circumstances warranting relief under Rule 60(b)." (*Id.* at 4.)

### A.   Excusable neglect

Rule 60(b)(1) allows a court to vacate a final judgment that is based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To assess whether missing a filing deadline constitutes excusable neglect, courts use a four-factor test. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993). The *Pioneer* test is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the defendant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the plaintiff, and (4) whether the plaintiff acted in good faith." *Id.* at 395 (internal citation omitted). The Supreme Court has emphasized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

Several of Plaintiff's assertions are plainly contradicted by the Court's records. For example, although Plaintiff asserts that he was unaware the case was transferred from the Sacramento Division to the Fresno Division, and that this lack of awareness supports his request for relief, the Fresno Division served Plaintiff with its Prisoner New Case Documents and Order of Intradistrict Transfer on July 12, 2024, well in advance of his reported transfer in September 2024. (Docs. 6, 7.) To the extent that any new filing requirements were imposed, Plaintiff was

4

made aware through the "First Informational Order" and New Case Documents. (*See id.*) Indeed, Plaintiff filed the Fresno Division's provided form regarding magistrate judge jurisdiction on July 22, 2024, which also reflected this Court's new case number and the assigned magistrate judge. (Doc. 8.) Thus, his reported complete lack of awareness regarding the intradistrict transfer is belied by the record and does not support a determination of good faith.

Regardless, the limited information before the Court does not support a conclusion that Plaintiff exhibited "excusable" neglect. While Plaintiff asserts that he "spent considerable time in transit," this is insufficient for the Court to determine when, in fact, Plaintiff arrived at the new facility. Although the Court acknowledges the transfer itself was beyond Plaintiff's control, he failed to file a notice of change of address—as required by the Local Rules[1]—which was clearly an action *within* Plaintiff's control. Through his inaction, he unreasonably delayed the matter and caused prejudice to Defendants. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Thus, the Court is unable to find the *Pioneer* factors support his request for relief under Rule 60(b)(1). *See Turner v. High Desert State Prison*, 695 Fed. App'x 336, 337 (9th Cir. 2017) (affirming the district court's denial of a motion for relief from judgment under Rule 60(b)(1) where the plaintiff "failed to inform the court of his change of address" as required by the district court's local rules).

**B.   Extraordinary circumstances**

"To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quotation marks omitted, modifications adopted). Importantly, a prison transfer itself is not an "extraordinary circumstance" warranting relief under Rule 60(b)(6). *See, e.g., Alford v. Ma*, 2018 WL 2754480, at *2 (E.D. Cal. June 7, 2018) ("prison transfers… are not extraordinary circumstances"); *see also Calvin v. Elfo*, 2021 WL 2894820, at *2 (W.D. Wash. July 9, 2021) (finding a reported prison transfer and impeded law library access

---

[1] The Court informed Plaintiff of this obligation in the Local Rules in its "First Informational Order"—part of the Prisoner New Case Documents—served on July 12, 2024. (Doc. 7 at 5, citing Local Rule 182(f).) Specifically, the Local Rule provides: "Each ... pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

1   did not meet the standard for relief under Rule 60(b)(6)); *Lyman v. Lambert,* 2008 WL 2415049,
2   at *2 (N.D. Cal. June 12, 2008) ("transfer from [the county jail] to state prison provides no
3   ground for relief under Rule 60(b)(6)"). Plaintiff fails to identify extraordinary circumstances
4   predicated upon his facility transfer.

**IV.    Conclusion and Order**

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's Rule 60(b) motion for reconsideration from the Court's order and judgment dismissing his case (Doc. 23) is **DENIED** without prejudice.
2. The Clerk of Court is directed to update the docket to reflect that Plaintiff's current address of record to Federal Correctional Institution, Jesup, 2600 Highway 301 South, Jesup, GA 31599.

IT IS SO ORDERED.

Dated:    **January 23, 2025**

UNITED STATES DISTRICT JUDGE

6